UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BLUE ROOSTER LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:17-CV-02689-AGF |
| | ) | |
| PERFICIENT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Blue Rooster LLC's motion (ECF No. 22) to compel Defendant Perficient, Inc. to respond to Plaintiff's requests for production. For the reasons set forth below, the motion will be granted in part and denied in part.[1]

## BACKGROUND

This breach of contract action arises out of Defendant's purchase of Plaintiff's proprietary software and services known as Rise Foundation ("Rise"). The purchase agreement was signed and finalized on October 12, 2015, and the deal closed on December 31, 2015.

Plaintiff alleges that Defendant has not paid all monies due and owing pursuing to the parties' purchase agreement. Specifically, Plaintiff alleges that Defendant agreed to pay Plaintiff a percentage of the revenue it earned from Rise after deduction of certain costs. Plaintiff alleges that Defendant has failed to provide payment owed and has falsely

---

[1] The Court notes that, on June 19, 2018, Plaintiff filed a request for oral argument. However, by the time the request was received, this Memorandum and Order was already prepared based on the parties' thorough briefs. Moreover, the Court is unavailable on the proposed dates suggested Plaintiff.

claimed that it has received little or no revenue from Rise. Plaintiff alleges that Defendant has failed to provide sufficient information about its Rise revenue and that it has mischaracterized or artificially depressed its Rise revenue to avoid paying Plaintiff.

The current discovery dispute arises out of the following three requests for production, in which Plaintiff seeks financial documents reflecting revenue for Defendant's Microsoft Division, which is the division that sells, licenses, and provides services for Rise:

> **Request 7** – All documents reflecting, referring to, regarding or constituting monthly, quarterly and yearly Profit & Loss statements for [Defendant's] Microsoft Division for the last five (5) years;
>
> **Request 8** – All documents reflecting, referring to, or regarding monthly, quarterly, and yearly Revenue earned by [Defendant's] Microsoft Division for the last five (5) years; and
>
> **Request 25** – All documents reflecting, referring to, regarding, or constituting any and all financial audits of [Defendant's] Microsoft Division during the time period October 2015 to present.

ECF No. 22 at 3. Plaintiff argues that the requests seek relevant information that will allow Plaintiff to conduct a more complete analysis of the process by which Plaintiff accounts for Rise-related revenue.

In response, Defendant argues that the requests are overbroad, unduly burdensome, and not proportional to the needs of the case. Specifically, Defendant argues that the Microsoft Division encompasses many more products than Rise and that the financial documents from this division do not break down revenue earned from individual products. For example, Defendant contends that the revenue of its Rise team within the Microsoft Division only accounted for less than one percent of the revenue of the entire division from 2016 to 2018. Defendant maintains that production of financial documents from the entire

division, as Plaintiff has requested, would amount to a "monumental task" that would yield largely irrelevant results.

Defendant further argues that the purchase agreement only entitles Plaintiff to 30% of revenue from Rise *licensing fees* if those fees exceeded the value of certain expenses. Defendant states that it has "produced contracts, statements of work, and invoices which allow [Plaintiff] to confirm the exact amount, date, and terms of all Rise licensing fees," and thus, no further production is required. ECF No. 25 at 4.

In reply, Plaintiff argues that the purchase agreement requires payment of a percentage of all Rise related revenue and is not limited to just license fees. Plaintiff further contends that Defendant's assertion of overbreadth is without merit because "Rise-related revenue is all that [Plaintiff wants to see]." ECF No. 28 at 3. Plaintiff contends that "produc[ing] the Microsoft Division financials for Rise-related revenue should be straightforward," and requests that Defendant "produce all financial documents and information showing or evidencing Rise-related revenue (regardless of whether such revenue is characterized as a 'license fee' or assigned to the 'Rise Team' within the Division) . . . ." *Id.* at 4-5.

## **DISCUSSION**

Upon careful consideration of the parties' arguments in light of the proportionality concerns set forth in Federal Rule of Civil Procedure 26, the Court will grant in part and deny in part Plaintiff's motion. While the Court agrees with Plaintiff that production of "all financial documents and information showing or evidencing Rise-related revenue (regardless of whether such revenue is characterized as a 'license fee' or assigned to the 'Rise Team'

within the Division)," is relevant to this case, Plaintiff's actual document requests are much broader in scope. However, in light of Plaintiff's representation that it is only seeking such documents, the Court will grant Plaintiff's motion in part, to the extent that Defendant must promptly produce the more limited category of documents defined above.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to compel is **GRANTED in part**, to the extent that Defendant shall produce to Plaintiff, no later than **14 days** from the date of this Memorandum and Order, "all financial documents and information showing or evidencing Rise-related revenue (regardless of whether such revenue is characterized as a 'license fee' or assigned to the 'Rise Team' within the Division)." The motion is otherwise **DENIED**. ECF No. 22.

                                                 *Audrey G. Fleissig*
                                                 AUDREY G. FLEISSIG
                                                 UNITED STATES DISTRICT JUDGE

Dated this 20th day of June, 2018.